*157 OPINION.
Phillips:
It is the contention of the petitioner that it issued its capital stock for the capital stock of its predecessor, The Maltine Manufacturing Co., that such stock-had a value of over one million dollars, and that under the decision of this Board in Appeal of Regal Shoe Co., 1 B. T. A. 896, it is entitled to include this full amount in its invested capital. The Commissioner contends that the petitioner purchased the assets of its predecessor, which were largely intangible and can be included in invested capital only in a limited amount.
The contract entered into between the two companies plainly contemplates a purchase by the petitioner of the assets of its predecessor. There is nothing in the evidence which would lead us to believe that this contract was not carried out in accordance with its terms. Although the petitioner insists that the stockholders of the predecessor corporation surrendered their stock to the petitioner and in exchange received its stock, the only evidence which would lend any support to this theory is that the certificates of the predecessor company were, in 1925, found in the safe of the petitioner marked “ cancelled.” But even here we find that the only two endorsements which bear any date purport to have been executed January 31, 1898, some three weeks after the date when certificates of the petitioner were issued.
Petitioner lays stress upon the failure to find any bill of sale of the personal property of its predecessor. There is no question, however, that the petitioner went into possession and control of these assets, and under such circumstances a bill of sale is unnecessary. A deed of the real estate of the predecessor corporation was executed and acknowledged by its officers on the same date that the certificates of stock were issued to the stockholders of the predecessor corporation and, although this deed waa not recorded for some two years, this fact can not lend support to the petitioner’s theory that the stock of the predecessor corporation was first acquired by the petitioner and the assets transferred thereafter.
The entire transaction appears to have been carried through on one date, January 8, 1898. On that date the stockholders and directors of the predecessor corporation each held a meeting and authorized the sale of the assets in exchange for the total capital stock of the petitioner to be issued to the stockholders of such predecessor corporation, the agreement between the parties was executed and acknowledged, the deed was executed and acknowledged, and the certificates of stock of the petitioner were executed and delivered. There is nothing in the record which would lead us to believe that on this same date and before the delivery of the stock certificates the parties changed the transaction into one for the purchase of the stock of the predecessor corporation, rather than its *158 assets. Such evidence as we have leads to a contrary conclusion and the determination oi. the Commissioner must be approved.
The adjustment of invested capital by prorating the amount of the income and profits taxes for prior years is in accordance with the provisions of the ítevenué Act of 1926. Russel Wheel & Foundry Co., 3 B. T. A. 1168.

The deficiencies are redetermined to he the amounts determined by the Commissioner. Decisions will be entered accordingly.